**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

BEFORE: JAMES M. WICKS, U.S. MAGISTRATE JUDGE               DATE: 1/13/2021
                                                                                                    TIME:  10:00 AM
                                                                                                    ☐ **SEALED PROCEEDING**

### CIVIL CAUSE FOR MOTION HEARING (video)
**CASE:**  2:19-cv-04771-DRH-JMW-Fusco v. County of Nassau et. al.

APPEARANCES:

    For Plaintiff:   Robert J. LaReddola

    For Defendant:   Ralph J. Reissman

Court Reporter/FTR:  10:01-10:27 (video)

## THE FOLLOWING RULINGS WERE MADE:

☒   Oral Argument held regarding Defendants' Motion to Stay Discovery [56].  Parties' arguments were heard. Defendants' Motion was denied for the reasons set forth on the record.  In evaluating whether to grant a stay of discovery pending resolution of Defendants' motion to dismiss pursuant to Rule 12(b)(6) [53], the undersigned considered (1) whether Defendants made a strong showing that Plaintiff's claims are unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to Plaintiff.  *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)*.  Here, in light of the Second Circuit reversal and remand of *Henry v. County of Nassau, et al.* (17-cv-6545) (*see Henry v. County of Nassau*, 6 F.4th 324 (2d Cir. July 26, 2021), wherein many of the facts are substantially similar, the grounds considered simply do not weigh in favor of a further stay of discovery.  Defendants' motion to dismiss [53] does not make a strong showing that all of Plaintiff's claims are unmeritorious.  Further, coordinating discovery in this matter with *Henry*, wherein discovery exchanges have already commenced and are ongoing, will minimize the breadth and burden of discovery here.  Last, the undersigned notes that the Hon. Denis R. Hurley vacated the previous stay in this matter, which had been issued pending the Second Circuit's decision in *Henry* (Electronic Order dated 8/9/2021).  Re-issuing a stay now that *Henry* has been decided, especially considering that the dismissal was reversed and remanded, would be prejudicial to Plaintiff.  Accordingly, Defendants' Motion to Stay Discovery [56] is hereby denied.

Discovery in this matter is hereby ordered to be coordinated with the discovery in the *Henry* matter (17-cv-6545).  The anticipated motion to compel discovery is therefore held in abeyance, and the parties are directed to meet and confer concerning outstanding discovery and coordination of both cases, and, on or before February 18, 2022, file a joint letter advising the Court of the status of discovery in both cases.

                                         SO ORDERED
                                         /s/ *James M. Wicks*
                                         JAMES M. WICKS
                                         United States Magistrate Judge