# LA REDDOLA LESTER
## & ASSOCIATES, LLP
### ATTORNEYS AT LAW

600 Old Country Road, Suite 230, Garden City, NY 11530
Tel: 516-357-0056  Fax: 516-357-0069
www.llalawfirm.com

Steven M. Lester
Robert J. La Reddola

Nicole A. Wolfer
(Admission Pending)

rjl@llalawfirm.com

NYC Office (by appointment only):
46 Trinity Place, #1, New York, New York 10006
(646) 415-8171

May 17, 2022

*Via ECF*

Hon. James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:   *Henry v. County of Nassau, et al.,*
                Case No. 2: 17-CV-6545 (DRH)(AKT) (E.D.N.Y.) and

                *Fusco v. County of Nassau, et al.,*
                Case No. 2: 19-CV-04771 (DRH)(JMW) (E.D.N.Y.)

Dear Magistrate Judge Wicks:

We represent the Plaintiffs, Lambert Henry and Peter Fusco in the above-referenced actions. This letter is in response to the County's letter of May 12, 2022 which reneges on its settlement of the discovery motion related to document production in the *Fusco* and *Henry* cases.

A detailed review of the document demands was made by this Court in light of the Second Circuit reversal of the dismissal of the *Henry v. County of Nassau* and the Order combining *Henry* and *Fusco* for discovery purposes. [See Dkt. 78 filed in 2:17-CV-6545]. This matter was also the subject of detailed conferences on October 24, 2021 and December 13, 2021 which covered the need for pistol license applications and renewals (which are treated the same as applications by the County). The prior objections made by the County claimed "privacy". [See Dkt. 29 filed in 2:19-CV-04771] All of these issues have been addressed again and again.

The Third Amended Complaint in *Henry v. County of Nassau, et al.,* squarely describes the County's unconstitutional policy as it relates to issuance and renewals of firearms licenses:

      56.     Upon information and belief, the County and the Police Department
      believe the possession of a pistol license to be a privilege.



Hon. James M. Wicks  
May 17, 2022  
Page 2

57. Upon information and belief, the County and the Police Department make determinations on whether or not a pistol license should be granted, suspended or revoked under a standard of "proper cause" under New York Penal Law §400.00(2)(f).

58. Upon information and belief, the County and the Police Department make determinations on renewals of Nassau County Pistol Licenses without legal authority under Penal Law § 400.

59. Upon information and belief, the Police Department administers approximately 28,000 pistol licenses which renew every five years, or over 5,000 renewals a year.

60. Upon information and belief, renewals are the largest portion of the workload of the Police Department Pistol License Section.

(See Dkt. 42 Third Amended Complaint *Henry v. County of Nassau, et al.*)

These claims are then addressed as part of the First Cause of Action and Second Cause of Action in the Third Amended Complaint. In sum, the issuance and renewal of licenses under the County's vague "proper cause" standard is central to the case.

*Fusco* contains similar allegations which are also incorporated into the Causes of Action:

51. New York State's licensing scheme for handguns follows this logic, applying a "shall issue" standard for handguns in the home, and a "proper cause" standard for handguns in public.

52. Penal Law §400.00 differentiates handgun licenses into one of two categories: premise licenses and concealed carry licenses. A license of either type is required to purchase or possess a handgun.

53. A premise license is issued under §400.00(2)(a), whereas the concealed carry license is issued pursuant to §400.00(2)(f).

54. Penal Law §400.00(2)(a) states that "A license for a pistol or revolver... shall be issued to (a) have and possess in his dwelling by a householder. ... "

55. Penal Law §400.00(2)(f) states that "A license for a pistol or revolver. .. shall be issued to (f) have and carry concealed, without regard



to employment or place of possession, by any person when proper cause exists for the issuance thereof. ..."

56.   The New York State Legislature has differentiated the standards for the two licenses: the standard for a premise license is "shall issue," whereas the standard for a concealed carry license is "proper cause," or "may issue," colloquially.

(See Dkt. 25 Amended Complaint *Fusco v. County of Nassau, et al.*)

On January 27, 2022, Plaintiffs filed a letter to the Court requesting additional discovery from the County [Dkt. 78, filed in 17-CV-6545] for the combined *Fusco* and *Henry* cases. The prior document production by the County was not Bates numbered, was not organized to correspond with discovery demands, was heavily redacted and not in electronic format. After a meet and confer with opposing counsel, it was agreed upon the following:

(1)   Limit the time range of the document production from **2010 to date**.
(2)   Produced electronically, without redactions and organized as to Plaintiff's document demands

The above referenced agreements were also stated in the County's status letter to the Court, filed on February 18, 2022 [Dkt. 59, filed in 19-CV-04771]. In response to the two letters, Your Honor ordered the extension of the discovery schedule to May 22, 2022.

We respectfully request this Court deny the County's motion.

Respectfully submitted,

By: */s/ Robert J. La Reddola*
Robert J. La Reddola

RJL/at
cc:   Ralph Reissman, Esq.